Edgar J. Nathan, J.
Motion to stay arbitration is denied.
Respondent demanded arbitration of a dispute arising between petitioner and respondent concerning the interpretation of the terms of a collective bargaining agreement. Two days later, respondent instituted proceedings before the National Labor Relations Board charging petitioner.with unfair labor practices.
Petitioner claims that by subsequently instituting the unfair labor practice proceeding, respondent has waived the right to arbitrate the dispute. In support of its position petitioner asserts that both proceedings present the same issues relating to petitioner’s alleged interference with respondent’s right to hire an independent truckman.
However, an examination of the language of the issue to be presented to the arbitrator clearly shows that it concerns the interpretation of the terms of the agreement insofar as it covers the employment of independent truckmen and petitioner’s alleged breach of that agreement. The unfair labor practice charges, while related to petitioner’s conduct in interfering with respondent’s rights under the contract, substantially relate to petitioner’s acts involving a secondary boycott and a jurisdictional dispute to prevent the utilization of the truckman’s services by respondent.
*81 Although the petitioner’s conduct constitutes an unfair labor practice as well as a violation of the agreement, that fact does not bar respondent from demanding arbitration while at the same time pursuing unfair labor charges against petitioner. Clearly, the arbitration is confined to a determination of the scope of a contractual right and the breach thereof — issues which are beyond the jurisdiction of the National Labor Relations Board. The proceeding before the hoard involves an alleged breach of the Labor-Management Relations Act which is a matter entirely distinct from that presented in the arbitration proceeding.
In view of the divergent character of the two proceedings and the fact that the board has no power to determine issues relating to contractual rights or violations of such rights, the respondent’s institution of the proceeding before the National Labor Relations Board did not operate as waiver of respondent’s right to demand arbitration (Matter of Aaronson Bros. Paper Corp. [Fishko], 144 N. Y. S. 2d 643, affd. 286 App. Div. 1009; Matter of Allen v. Dumont Lab. [Baker], 154 N. Y. S. 2d 394).